DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MEITLER CONSULTING, INC.,**

                 **Plaintiff,**

                                          **CIVIL ACTION**

**v.**

                                          **No. 05-2126-JWL-DJW**

**GARY L. DOOLEY, et al.,**

                 **Defendants.**

## ORDER

A telephone motion hearing was held on July 8, 2005 regarding Plaintiff's First Motion to Compel (doc. 14) and Plaintiff's Second Motion to Compel (doc. 18). Plaintiff appeared through counsel Timothy J. Riemann. Defendant Gary L. Dooley appeared pro se. This Order will memorialize the Court's oral rulings.

**I.    Plaintiff's First Motion to Compel (doc. 14)**

Plaintiff moves for an order compelling Defendant to do four things. Plaintiff first requests an order compelling Defendant to sign a consent form so that Plaintiff may obtain from Yahoo!, a non-party, certain records about the website at issue in this case. According to Plaintiff, Defendant set up the website for Plaintiff while he was employed by Plaintiff and Defendant was granted exclusive access over the Yahoo! account. Yahoo! now refuses to release to Plaintiff any records about the website until Defendant signs a consent to release the records.

The Court will deny the Motion to Compel as it pertains to this issue. Although Plaintiff has served a request for production on Defendant seeking all documents related to the website and Defendant's

Yahoo! Business Solutions account,[1] that does not give the Court authority to compel Defendant to sign a release for these records. A request for production or inspection under Rule 34 requires a party to produce or provide for inspection and copying documents and tangible things "which are in the possession, custody or control of the party upon whom the request is served."[2] Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain documents directly from a non-party.[3] Thus, the Court has no authority at this step of the discovery process to compel Defendant to sign the Yahoo! consent form.[4]

Second, Plaintiff seeks an order compelling Defendant "to effect the transfer of the . . . website" to Plaintiff.[5] Plaintiff contends that Defendant may accomplish this by signing the Yahoo! consent form. To the extent that Plaintiff seeks to have the website's ownership transferred, Plaintiff is seeking injunctive relief that goes to the merits of the case and is not a discovery issue. To the extent Plaintiff desires such injunctive relief, Plaintiff should file the appropriate motion with the District Judge.

---

[1] *See* Pl.'s Req. for Produc. No. 7.

[2] Fed. R. Civ. P. 34(a).

[3] *See Shaw v. Mgmt. & Training Corp.*, No. 04-2394-KHV-DJW, 2005 WL 375666, at *1 (D. Kan. Feb. 9, 2005) ("[T]he Court, *sua sponte*, will deny the motion [to compel employment records] on grounds that there is no basis under Rule 34 to allow this Court to compel Plaintiff to sign the authorization as requested.")

[4] As the Court indicated at the telephone hearing, Defendant may serve a subpoena on Yahoo! pursuant to Federal Rule of Civil Procedure 45. In the event Yahoo! objects to the subpoena or otherwise refuses or fails to produce the subpoenaed documents, the Court would consider a motion requesting that the Court (1) compel Yahoo! to produce the documents pursuant to Rule 45; or (2) compel Defendant to execute the appropriate consent form pursuant to the Court's general power to enforce its own orders.

[5] Pl.s' Mot. to Compel (doc. 14) at p. 1.

Third, Plaintiff seeks an order compelling Plaintiff to produce the telephone records sought in Request for Production No. 9. Plaintiff has already produced some records in response to that request. To the extent that Plaintiff has not produced all of the requested telephone records that are in his possession, he shall do so within ten business days, i.e., by **July 22, 2005.** Plaintiff is reminded that he has a duty to supplement his responses with any documents that come into his possession after his initial production.

Fourth, Plaintiff seeks an order compelling Defendant to "produce all e-mails and contacts" to the website at issue, as requested in Request for Production No. 7.[6] To the extent Plaintiff has not produced all of the requested records that are in his possession, he shall do so by **July 22, 2005.**

## II.     Plaintiff's Second Motion to Compel (doc. 18)

This motion seeks an order compelling Defendant to produce all documents in his possession "related to the . . . website, including e-mails, customer inquiries and contacts," as requested in Request for Production No. 7.[7] The Court notes that this is somewhat duplicative of the relief sought in Plaintiff's First Motion to Compel with respect to Request No. 7. In any event, to the extent Plaintiff has not produced these requested documents and to the extent they are in his possession, he shall produce them to Plaintiff by **July 22, 2005.**

**IT IS THEREFORE ORDERED** that Plaintiff's First Motion to Compel (doc. 14) is granted in part and denied in part as set forth herein.

---

[6] Pl.'s Mem. in Supp. of Mot. to Compel (doc. 15) at p. 3.

[7] Pl.'s Second Mot. to Compel (doc. 18) at p. 1.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Compel (doc. 18) is granted.

**IT IS FURTHER ORDERED** that all documents required to be produced pursuant to this Order shall be produced to Plaintiff by **July 22, 2005.**

**IT IS FURTHER ORDERED** that each party shall bear its/his own expenses incurred in connection with these Motions to Compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 12th day of July 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties