## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MEITLER CONSULTING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-2126-DJW |
| | ) |
| GARY L. DOOLEY, | ) |
| | ) |
| | ) |
| Defendant. | |

### PROTECTIVE ORDER

WHEREAS, the parties to this lawsuit, Plaintiff Meitler Consulting, Inc. ("MCI") and Defendant Gary L. Dooley ("Dooley"), anticipate seeking information during discovery which does and may contain proprietary, confidential, and/or trade secret information, including, but not limited to, MCI's client information, wholesale pricing, waste water treatment system designs, as well as other trade secrets, and certain of Dooley's personal information. The parties agree that public disclosure and dissemination of such information would substantially harm a party and,

WHEREAS, in order to facilitate the discovery of such information in this action, to prevent unnecessary prejudice, and in view of the agreement of the parties regarding discovery as set forth herein, the Court finds that, pursuant to Fed. R. Civ. P. 26(c)(7), good cause exists for the issuance of this Protective Order and grants the parties' Joint Motion for Protective Order (doc. 29).

    1.    As used in this Protective Order, the following words shall have the following meanings:

449361

a. "Court" means the United States District Court for the District of Kansas;

b. "Plaintiff" means Meitler Consulting, Inc., and any person acting on its behalf, including, without limitation, consultants, attorneys, or agents.

c. "Defendants" means Gary L. Dooley and East Texas Environmental Solutions (collectively "Dooley"), and any persons acting on their behalf, including without limitation, officials, employees, consultants, attorneys, or agents;

d. "Disclosed" is used in its broadest sense and includes, *inter alia*, shown, divulged, revealed, produced, described, or transmitted, in whole or in part;

e. "Discovery" is given the same meaning as ascribed to it under the Federal Rules of Civil Procedure;

f. "Confidential information" means any material which a party reasonably believes (i) is not to be in the public domain (i.e., not generally known and not reasonably ascertainable by proper means), and (ii) contains any trade secret or other confidential research, proprietary, personnel, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(7);

g. "Materials" means any documents, affidavits, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, in response to discovery requests in this action by any party or non-party;

h. "Non-party" means any natural person (acting in their individual or some other capacity), partnership, corporation, association, or other legal entity not named in the action

captioned above and pending in this Court;

        i.    "Party" or "parties" means the Plaintiff and the Defendants in this action; and

    2.    Disclosed materials containing confidential information may be designated or stamped as "Confidential" by a party. Such materials shall be referred to herein as "Confidential Materials."

    3.    Confidential Materials shall be used only for purposes of this action and shall not be used for any other purposes or action whatsoever.

    4.    Confidential Materials shall be treated by the non-producing party, its agents and employees, as confidential matter and shall not be disclosed, given, shown, made available, discussed, or otherwise communicated to anyone other than:

        a.    counsel for the parties to this action or persons employed by such attorneys to assist in the litigation;

        b.    experts retained by either party to assist in the litigation of this matter; and

        c.    court personnel and stenographic reporters in proceedings incident to the preparation or trial of this litigation.

    5.    Prior to transferring or communicating Confidential Materials to any person, the non-producing party will secure such person's written agreement to be bound by all of the terms of this Confidentiality Agreement, including the prohibition against contacts with non-parties identified in the Confidential Materials, and that he or she will submit to this Court's jurisdiction for purposes of enforcing

449361

this Order. The parties will provide one another with a copy of all written agreements within seven days of providing Confidential Materials to non-parties.

6. In the event that any party seeks to file under seal any Confidential Materials used in any court filing or proceeding, the party must first file a motion with the court and be granted leave to file the Confidential Materials under seal, as directed by the Court in *Holland v. GMAC Mortgage Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004). Confidential Materials used in a court filing or proceeding and filed under seal shall not lose their confidential status. The producing party may take all steps reasonably required to protect the confidentiality of such materials during such use, so long as such steps do not restrict the parties from using Confidential Materials, filed under seal, in trial or any other court proceeding.

7. If any person or entity requests or demands access to Confidential Materials by subpoena or otherwise, the party receiving the demand or subpoena shall immediately notify the party who supplied such materials. The parties hereto shall cooperate in the assertion of all applicable rights or privileges with regard to such Confidential Materials in the appropriate forums.

8. At the conclusion of this litigation, all originals and copies of Confidential Materials in the possession, custody, or control of the non-producing party or person shall be returned to the producing party within sixty (60) days of final resolution of the case.

9. If the non-producing party believes that materials designated as "Confidential" do not warrant such designation, it shall first make a good faith effort to resolve such dispute with counsel for the producing party. In the event that such a dispute cannot be resolved by the parties, either party may

449361

apply to the Court for a determination as to whether or not the "Confidential" designation is appropriate. The burden rests upon the party seeking confidentiality to demonstrate that such designation is appropriate. Pending resolution of such dispute, the materials at issue shall be treated by the parties as "Confidential" and shall be fully subject to the provisions of this Agreement.

10. The production of material without the appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon receiving notice from a producing party that previously produced information has not been denominated as Confidential but should be, all such material shall be re-denominated as Confidential and treated as such. The party receiving such previously undenominated Confidential Material shall make a reasonable, good faith effort to ensure that any analyses, memoranda, or notes based on such material and which have been or will be circulated outside the offices of the parties shall immediately be treated in conformity with any such re-designation.

11. The inadvertent production of privileged material shall not be deemed a waiver or impairment of any claim of protection from disclosure of any such material. Upon receiving notice from a producing party that privileged materials were inadvertently produced, the receiving party shall review the materials to determine if the receiving party agrees that the material is privileged and that the disclosure was inadvertent. If the receiving party agrees that the material is privileged and that the disclosure was inadvertent, all such materials shall be promptly returned upon request. A party's return of the alleged privileged materials shall not be construed as an acknowledgment or admission that the materials are, in fact, privileged. If, after reviewing the materials, the receiving party reasonably and in good faith believes

that the materials are not privileged, or that the disclosure was not inadvertent, the receiving party shall notify the producing party of its belief. Thereafter, the producing party may file a motion seeking the return of materials the producing party believes to be privileged and to have been inadvertently produced. In resolving such disputes, the burden of persuasion that the materials are privileged and were inadvertently produced shall remain with the party that produced those materials. Pending resolution of such a dispute by the Court, the material shall be treated as privileged.

    12.    The parties reserve all rights to apply to the Court for any order:

        a.    modifying this Protective Order; or

        b.    seeking further protection against discovery or other use of Confidential Material or other information, documents, transcripts, or material.

    13.    Any party requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information

IT IS THEREFORE ORDERED that the parties' Joint Motion for Protective Order (doc. 29) is granted.

DATED this 20th day of October 2005.

                          s/David J. Waxse
                          DAVID J. WAXSE
                          U.S. Magistrate Judge

449361

AGREED TO:

| | |
|---|---|
| Gary L. Dooley<br>East Texas Environmental Solutions<br>1612 Morningside Trail<br>Hideaway, TX 75771<br><br><br>903.882.3705<br>903.881.9358 (Fax)<br>Email: gldooley@cox.net<br><br>Defendants<br><br><br>Dated: October 7, 2005 |     s/ David A. Rameden<br>David A. Rameden, #17499<br>Tim J. Riemann, #21737<br><br>SHOOK HARDY & BACON L.L.P.<br>84 Corporate Woods<br>10801 Mastin, Suite 1000<br>Overland Park, KS  66210-1697<br>913.451.6060<br>913.451.8879 (Fax)<br>Email: drameden@shb.com<br>Email:  triemann@shb.com<br><br>Attorneys for Plaintiff Meitler Consulting, Inc.<br><br>Dated: October 7, 2005 |

- 7 -

449361