DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MEITLER CONSULTING, INC.,

                                    Plaintiff,

                                                        CIVIL ACTION

v.

                                                        No. 05-2126-DJW

GARY L. DOOLEY, et al.,

                                    Defendants.

## MEMORANDUM AND ORDER

A Show Cause Hearing was held on January 23, 2006 pursuant to the Court's January 5, 2006 Show Cause Order (doc. 40).   Plaintiff appeared through counsel David A. Rameden.  There were no other appearances.  This Order will memorialize and supplement the Court's oral rulings.

## I.      Background Information

This is a diversity action for breach of contract, conversion, and misappropriation of trade secrets. Plaintiff seeks actual and punitive damages.  It also seeks injunctive relief.  Defendant Gary L. Dooley is proceeding *pro se*.

The Court's January 5, 2006 Show Cause Order directed Dooley to appear before the Court on January 23, 2006 and show cause why the Court should not impose monetary sanctions and enter default judgment against him for failing to attend his deposition and failing to respond to the Court's December 13, 2005 Show Cause Order.  Dooley did not appear for the January 23, 2006 Show Cause Hearing.

**II.     Findings of Fact**

The Court makes the following findings of fact, based on the record before it:

1.      On November 21, 2005, Plaintiff filed and served a notice to take Dooley's deposition on December 6, 2005 in Overland Park, Kansas.[1]

2.      Dooley informed Plaintiff's counsel that he would not appear for his deposition in Kansas, absent an order of the Court.  Although Plaintiff offered to purchase the airline ticket for Dooley to travel to Kansas for his deposition, Dooley insisted that unless otherwise ordered by the Court, he would not travel to Kansas for his deposition.

3.      Based on Dooley's statement that he would not appear for his deposition, Plaintiff filed on November 30, 2005 a motion to compel Mr. Dooley to attend his deposition.[2]  Dooley did not respond to the motion to compel.

4.      Despite the fact that the deposition was properly noticed and despite the fact that Dooley did not file any motion for protective order or otherwise seek a ruling from the Court relieving him of the obligation to appear at his deposition, Dooley failed to appear for his noticed deposition.

5.      On December 13, 2005, the Court entered an Order[3] directing Dooley to show cause, in a pleading to be filed with the Court by December 24, 2005, why sanctions, up to and including default judgment, should not be entered against him for his failure to attend his properly noticed deposition.  Dooley did not file a response to the Show Cause Order.

_____

[1]*See* Dep. Notice (doc. 37).

[2]*See* Pl.'s Mot. to Compel Def. Dooley to Attend his Properly Noticed Dep. (doc. 38).

[3]*See* Order to Show Cause (doc. 39).

6.     As a result, the Court issued a second Order on January 5, 2006,[4] directing Dooley to appear for a hearing before the undersigned Magistrate Judge on January 23, 2006 to show cause why the Court should not order him to pay to Plaintiff sanctions in the amount of One Thousand Dollars ($1,000.00) and why the Court should not enter default judgment against him for his failure to appear at his deposition on December 6, 2005 and his failure to respond in writing to the Court's December 13, 2005 Show Cause Order.

7.     In the January 5, 2006 Order, the Court vacated the Scheduling Order, as many of the deadlines were no longer appropriate given Dooley's failure to appear for his deposition.

8.     Dooley did not appear for the January 23, 2006 Show Cause Hearing nor did he contact the Court to reschedule the hearing or provide any reason for not appearing.

## III.    Applicable Case Law

The Federal Rules of Civil Procedure authorize default judgments against parties who fail to comply with court orders or fail to attend depositions.[5]  The Tenth Circuit has emphasized that "a default judgment is a harsh sanction."[6]  Accordingly, due process requires that the "failure" giving rise to the sanction must be the result of willfulness, bad faith, or some fault of the offending party rather than the mere inability to

_____

[4]*See* Order to Show Cause (doc. 40).

[5]*M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (citing Fed. R. Civ. P. 37(b)(2) and (d)).

[6]*FDIC v. Dailey*, 973 F.2d 1525, 1530 (10th Cir. 1992); *see also M.E.N.,* 834 F.2d at 872.

comply.[7]   A "willful failure" is defined as "any intentional failure as distinguished from involuntary noncompliance."[8]   No wrongful intent need be shown.[9]

In addition to finding the offending party's failure to be willful, the court must also find the entry of default judgment to be a "just" sanction for the offending party's misconduct.[10]   To make this determination, courts typically consider one or more of the following factors:  (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions.[11]   These factors do not constitute a rigid test, but rather represent criteria for the district court to consider in selecting a sanction.[12]   Only when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits" is default judgment an appropriate sanction.[13]

---

[7]*M.E.N.,* 834 F.2d at 872.

[8]*Id.* at 872-73 (quoting *In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987)).

[9]*Id.*

[10]*See Ehrenhaus v. Reynolds,* 965 F.2d 916, 920-21 (10th Cir. 1992) (discussing dismissal of claims as a sanction under Rule 37(b)(2)).

[11]*See id.* at 921.

[12]*Id.*

[13]*Id.* (internal quotations omitted).

**IV.     Analysis**

Applying the above four factors, the Court concludes that the imposition of default judgment against Dooley is a just sanction.  This case has essentially come to a halt due to Dooley's failure to appear at his deposition.  Plaintiff has suffered prejudice because it is unable to prosecute its claims without Dooley's deposition testimony.  Furthermore, Dooley's failure to appear for his deposition in early December has made it impossible for Plaintiff to meet the December 15, 2005 discovery cutoff, the January 11, 2005 proposed pretrial order submission deadline, and the February 3, 2006 dispositive motion deadline.  As a result of Dooley's failure to appear, the Court had little choice but to vacate the Scheduling Order and cancel the January 18, 2006 Pretrial Conference.[14]

Dooley received ample warning that his failure to appear for his deposition might result in default judgment.  Both of the Court's Show Cause Orders indicated that the sanction of default judgment was being considered; they expressly directed Dooley to show cause why default judgment should not be entered as a sanction against him for his failure to attend his deposition.

Finally, the Court has no reason to believe that a sanction less harsh than default judgment would prove effective.  Dooley's failure to appear for his deposition appears to be part of a pattern of non-compliance and non-cooperation.  On July 8, 2005, the Court granted in part Plaintiff's First Motion to Compel (doc. 14), and ordered Dooley to produce certain telephone records by July 22, 2005.[15]  After

---

[14]*See* Jan. 5, 2006 Order vacating Scheduling Order (doc. 40).

[15]*See* July 12, 2005 Order (doc. 22) memorializing Court's oral Order of July 8, 2005, granting in part Pl.'s First Mot. to Compel (doc. 14).

Dooley failed to produce those records, Plaintiff filed another motion seeking Dooley's compliance with the Court's July 8, 2005 Order. The Court granted Plaintiff's motion and ordered Dooley, once again, to produce the requested records.[16] Although the Court denied Plaintiff's request for sanctions—based on Dooley's *pro se* status—t he Court cautioned Dooley that sanctions would be considered in connection with any further motions to compel. Given this prior failure to cooperate, the Court cannot find that lesser sanctions would likely be effective in bringing about Dooley's compliance with the discovery rules.

In addition, the Court finds ample reason to conclude that Dooley's failure to appear at his deposition was willful and not the result of some involuntary ability to appear. Dooley informed Plaintiff's counsel that he would not appear absent an order from the Court. Although Dooley had various opportunities to seek judicial relief from the deposition notice, he failed to do so. If he sincerely believed he had a valid reason not to appear, he had at least four opportunities to seek relief. First, he could have filed a motion for protective order to prevent the deposition from going forward. Second, he could have filed a response to Plaintiff's Motion to Compel his attendance at the deposition. Third, he could have responded in writing to the Court's December 13, 2005 Show Cause Order. Finally, he could have appeared before the Court as directed by the Court's January 5, 2006 Show Cause Order. Dooley, however, failed to do any of these things, which leads the Court to conclude that his failure to appear for his deposition was not due to some involuntary inability to appear, but rather a willful refusal to appear.

In light of the above, the Court holds that the imposition of default judgment against Dooley, while a harsh sanction, is appropriate and just under the circumstances. The Court is mindful that Dooley is

---

[16]*See* Sept. 29, 2005 Order (doc. 28).

proceeding *pro se*.  This Court typically makes reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights because of their lack of legal training.  *Pro se* litigants, however, are not exempt from compliance with the applicable procedural rules and substantive law, and they are required to fulfill their discovery obligations.

## V.      Conclusion and Rulings

In light of the foregoing, the Court hereby enters default judgment against Dooley.  In addition, the Court determines that Plaintiff is entitled to recover the expenses and attorney fees it has incurred in connection with (1) Plaintiff's attempt to take Dooley's deposition, including appearing at the noticed time and place to take his deposition, and (2)  Plaintiff's filing of the Motion to Compel Defendant Dooley to Attend His Properly Noticed Deposition (doc. 38).  On or before **February 28, 2006**, Plaintiff shall file a brief and affidavit setting forth those expenses and attorney fees.

In addition, on or before **February 28, 2006**, Plaintiff shall file, pursuant to Federal Rule of Civil Procedure 55(b)(2), an application for default judgment and documentation that will permit the Court to determine the amount and nature of the judgment to be entered against Dooley.   After reviewing the application, the Court will determine whether a hearing is needed to decide the amount and/or nature of the judgment.

Finally, the Court concludes that Plaintiff's Motion to Compel (doc. 38) is rendered moot by the entry of default judgment against Defendant Dooley.

**IT IS THEREFORE ORDERED** that default judgment is entered against Defendant Gary L. Dooley.

**IT IS FURTHER ORDERED** that on or before **February 28, 2006**, Plaintiff shall file, pursuant to Federal Rule of Civil Procedure 55(b)(2), an application for default judgment.  After reviewing the application, the Court will determine whether a hearing is needed to decide the amount and/or nature of the judgment to be entered against Defendant Gary L. Dooley.

**IT IS FURTHER ORDERED** that on or before **February 28, 2006**, Plaintiff shall file a brief and affidavit setting forth the expenses and attorney fees it has incurred in connection with Plaintiff's attempt to take Defendant Gary L. Dooley's deposition and the filing of Plaintiff's Motion to Compel (doc. 38).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Defendant Dooley to Attend His Properly Noticed Deposition (doc. 38) is moot.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 3rd day of February 2006.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:      All counsel and *pro se* parties